WILLIAMSON, J.,
This matter comes before the court on defendant’s preliminary objections to plaintiff’s complaint. Plaintiff filed suit seeking relief for breach of warranty, breach of contract, and violation of the Unfair Trade Practices and Consumer Protection Law (UTPCPL). Plaintiff alleges that defendant performed defective work in the house it built for plaintiff in 2007. Plaintiff also alleges that the defendant caused a well to be placed closer to the on-lot septic system than permitted by the Department of Environmental Protection (DEP) and regulations of 25 Pa. Code Section 73.13. Plaintiff also alleges the defendant concealed the actual well location and represented the well was outside of the minimum distance required from an on-lot septic system. Plaintiff seeks unspecified damages in excess of $50,000.
The defendant filed timely preliminary objections. Defendant alleges under Pa. R.C.P. 1019(f), that plaintiff has failed to state specific damages. Plaintiff’s counsel stated at argument that specific amounts for damages are known and can be provided. We find such specific amounts should be included in the complaint and will grant defendant’s first preliminary objection.
The defendant next alleges that the plaintiff failed to attach a copy of the underlying contract to their complaint, or cite the substance of the contract in absence of having a copy of the contract. At argument in this matter, defendant’s counsel and plaintiff’s counsel both advised that neither *232 party has a copy of the contract. In light of this information, we will grant defendant’s second preliminaiy objection, but grant plaintiff the right to amend their complaint to state they do not have a copy of the complaint.
The defendant’s third preliminary objection was raised under Pa. R.C.P. 1028 (a)(4), alleging the complaint was legally insufficient. Defendant argues the facts as stated by the plaintiff fail to set forth a cause of action under breach of implied warranty. The defendant also alleges the UTPCPL claim lacked actual damages. We granted defendant’s first preliminary objection under 1019(f), failing to state specific damages, and will allow the plaintiff to amend her complaint. Therefore, we find this issue as to damages under 1028 (a)(4) to be moot.
We also find that plaintiff has set forth facts sufficient to constitute a claim for breach of implied warranty. We agree the issues surrounding the defective door frame, crack in foundation and a sinkhole, are not items constituting breach of implied warranty. They are issues for the breach of contract claim only, and will be considered as such.
However, the plaintiff has set forth sufficient grounds for breach of implied warranty as to the location of the well in relation to the septic system. Locating a well closer to a septic system is violative of DEP regulations and the Pennsylvania Code (and likely local agency requirements). Although the plaintiff may be getting water from the well, the allegations show the well location is not legal. There is no allegation that plaintiff is currently prohibited from using the well, but enforcement could happen, preventing the use of this well. We agree the residence could be uninhabitable as a matter of law due to the alleged illegal well placement. As it is possible enforcement may occur, we find plaintiff has set forth enough facts regarding the *233 well placement, to survive the preliminary objection stage of this matter. We will dismiss defendant’s preliminary objection under Pa. R.C.P. 1028(a)(4).
Defendant’s final preliminary objection under Pa. R.C.P. 1028(a)(6) alleges that the contract calls for alternative dispute resolution. As no copy of the contract exists on the record showing such agreement, defendant’s preliminary objection will be dismissed.
ORDER
And now, this 12th day of January, 2015, following argument and submission of briefs on defendant’s preliminary objections, it is ordered and decreed as follows:
1. Defendant’s preliminary objection under Pa. R.C.P. 1019(f), failure to state specific damages, is sustained. Plaintiff shall have twenty (20) days from the date of this order to file an amended complaint.
2. Defendant’s preliminary objection under Pa. R.C.P. 1019(i), is SUSTAINED. Plaintiff shall have twenty (20) days from the date of this order to amend their complaint to attach a copy of the contract, or allege why they cannot do so and state the general substance of the contract.
3. Defendant’s preliminary objection under Pa.R.C.P. 1028(a)(4) is sustained as to the claims for breach of warranty for the door frame, foundation crack and sinkhole. All other allegations of this preliminary objection are denied.
4. Defendant’s preliminary objection under Pa. R.C.P. 1028(a)(6), failure to request alternative dispute resolution as provided in the contract is denied and the preliminary objection is dismissed.